NATIONAL BANK OF AUGUSTA *vs.* CUNNINGHAM.

COMPLAINT, FROM RICHMOND. Cotton Futures. Contracts. Consideration. Public Policy. Promissory Notes. Evidence. (Before Judge Roney )

Blanford, J.—1. When this case was before the court on a former occasion, it was held that contracts for the purchase and sale of cotton futures were gaming contracts and were immoral, illegal and contrary to public policy ; and that all evidences of debt executed on such a consideration were void in the hands of any person, even though it be a bona fide purchaser before due and without notice. These principles are now confirmed. 74 Ga., 400.

2. Where a broker is privy to such a wagering contract, and brings the party together for the very purpose of entering into the illegal agreement, he is particeps criminis, and cannot recover for services or losses incurred by himself in forwarding the transaction. Where a note was given to brokers for money which was to be expended by them in purchasing cotton futures for and on account of the maker, and no money went into his hands, such note was void. 110 U. S., 499.

(a) The case in 45 Ga., 50, differs from this, but in so far as it conflicts with the present ruling, it is overruled.

3. Where one of the payees of the note testified that he had advanced to the maker $1,000 to pay his sisters for their interest in certain real estate, the deed from his sisters to him, which recited five hundred dollars as its consideration, was admissible in evidence, in connection with the evidence of the attorney who drew it, who testified that he wrote the deed ; that he was the attorney of the payees of the note, and after examining the title to the realty, he found that the maker's sisters still owned an interest therein, and that it was necessary to put the title in him, so that his deed to secure the note might be good security ; and that his recollection was that the maker conveyed other property to his sisters for their interest. The deed, in con-

nection with this testimony, tended to contradict and impeach the payee of the note.

Judgment affirmed.

Frank II. Miller, for plaintiff in error.

Foster & Lamar, for defendant.